

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| VS. | § | **CASE NO. 1:07-CR-135(3)** |
| | § | |
| **COLIN MILTON DAVIS** | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3).  *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On December 19, 2007, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, Colin Milton Davis, on **Count 1** of the charging **Information**[1] filed in this cause.  Count 1 of the Information charges that on or about

---

[1] The Defendant executed a *Waiver of Indictment* which was addressed on the record at the guilty plea hearing.

1

July 23, 2007, in the Eastern District of Texas, and elsewhere, the Defendant, Colin Milton Davis, having knowledge of the actual commission of a felony cognizable by a Court of the United States, to-wit, travel in interstate commerce, from the State of Florida to the State of Texas and elsewhere, with intent to distribute the proceeds of an unlawful activity or unlawful business enterprise and to promote, manage, establish, carry on, and to facilitate the promotion, management, establishment, and carrying on of an unlawful activity or unlawful business enterprise involving controlled substances, in violation of Title 18, United States Code, Section 1952, and did conceal the same and did not make known the same to some judge or other person in civil or military authority under the United States, in violation of Title 18, United States Code, Section 4.

Defendant, Colin Milton Davis, entered a plea of guilty to Count 1 of the Information into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a.   That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b.   That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c.   That Defendant is fully competent and capable of entering an informed plea, that

Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

  d. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 18 U.S.C. § 4.

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing. *See Factual Basis and Stipulation.* If the case proceeded to trial, the Government and Defendant agreed and stipulated to the information set forth in the factual basis which would be used by the Government in support of the Defendant's plea of guilty. The Government and Defendant agreed that Colin Milton Davis is one and the same person charged in the Information and that the events described in the Information occurred in the Eastern District of Texas and elsewhere. The Government and Defendant agreed that the Government would have proven, through the testimony of witnesses and through admissible exhibits, beyond a reasonable doubt, each and every essential element of the offense alleged; specifically, the Government would have proven the following stipulated facts:

  Sergeant Tracy Sorge and Sergeant Joel Stinnett of the Orange County Sheriff's Office

would testify on the afternoon of July 23, 2007, they were on a moving patrol traveling west along Interstate 10 in Orange County, Texas, when they observed a 2007 Dodge Durango cross the solid line and cross into the shoulder and then weave across the center stripe into the other west bound lane in close proximity to other vehicles.  The officers activated their emergency lights and made a traffic stop of the vehicle.  The driver presented a Pennsylvania drivers license in the name of Michael Smith.  The front seat passenger also presented a Pennsylvania driver's license in the name of William Frazier.  Both the driver and front seat passenger indicated their ultimate destination was Las Vegas but gave differing reasons for the purpose of the trip.  The defendant was a passenger in the back seat.  After obtaining permission to search the vehicle from the driver, the officers located three suitcases, two having a false bottom.  Inside the three suitcases and false bottoms was United States currency in vacuum sealed bags totaling $195,552.  The currency was wrapped in rubber bands in predetermined amounts common in drug trafficking.  Also recovered from the car were twelve cellular telephones.

      The officers would further testify that after placing the three defendants under arrest and advised of their Miranda rights at the Orange County Sheriff's Office, the defendant known as Frazier admitted that he was to meet someone in Las Vegas to give the money to and either receive more money or marijuana in exchange.  He further admitted he was from Jamaica and had overstayed his visa many years ago.  Immigration and Customs Enforcement Special Agent Joel Mata would testify that he later identified Frazier as Keith Prendergast and that he had a prior conviction for sale of a controlled substance and had failed to appear at a deportation hearing.  Special Agent Mata would also testify that Prendergast admitted he had made two

similar trips as a money courier for this organization in the Philadelphia area. Special Agent Mata would also testify that Smith was later identified as Oneal Doward and that he was a native of Jamaica.

Special Agent Mata would testify that a review of defendant Davis' visa and passport documents indicated that he was a Jamaican native who entered the United States on an entertainment visa on June 23, 2007, at New York City. Davis stated to Special agent Mata that he did a show in New York City and a show in Miami. Davis was unable to name any hotel he had stayed at in the previous weeks prior to his arrest or the names of any of the clubs where he allegedly performed. The Jamaican company and employer who allegedly arranged Davis' visa failed to return calls from Special Agent Mata despite repeatedly leaving messages with the answering machine.

Defendant, Colin Milton Davis, agreed with the above-stated facts and signed the *Factual Basis*. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count 1** of the charging **Information** on file in this criminal

proceeding. The Court also recommends that the District Court conditionally accept the plea agreement.[2] Accordingly, it is further recommended that, Defendant, Colin Milton Davis, be finally adjudged as guilty of the charged offense under Title 18, United States Code, Section 4.

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less

---

[2]"(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 20th day of December, 2007.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE